### VISINTAINER v. HAZLETON AUTO BUS CO. et al.
### No. 1443.

District Court, M. D. Pennsylvania.

July 21, 1945.

634

Felix W. Bolowicz, of Wilkes Barre, Pa., for plaintiff.

James W. Scanlon, of Scranton, Pa., for defendant, Hazleton Auto Bus Co.

John H. Bonin, of Hazleton, Pa., for defendant, Andrew Krasko.

WATSON, District Judge.

This action was commenced on August 7, 1944 by Madelon Visintainer against the Hazleton Auto Bus Company and Andrew Krasko to recover damages for personal injuries. It is alleged in the complaint that Madelon Visintainer at the time the suit was commenced was a citizen of the State of New York and that the two defendants are residents of the State of Pennsylvania.

The defendant, Hazleton Auto Bus Company, has moved to dismiss the action for the reason that the plaintiff was not a resident or citizen of the State of New York, but was a citizen and resident of the State of Pennsylvania and, therefore, there be-

ing no diversity of citizenship this Court is without jurisdiction. It is conceded that the defendants were citizens and residents of the State of Pennsylvania.

The question is, Was the plaintiff, Madelon Visintainer, a citizen of the State of Pennsylvania on August 7, 1944 when the suit was commenced? If she was, this Court is without jurisdiction.

Depositions were taken, the witnesses being the plaintiff, Madelon Visintainer, Mr. T. Jaques Lancaster, a prospective employer of the plaintiff, and Miss Louise Ghezzi, an aunt of the plaintiff. Plaintiff testified that, prior to February 1944, she lived with her parents in Drums, Pennsylvania; that, from February 1944 to June 1944 she worked for the Petroleum Administration for War in Washington; that she took a temporary leave from her job, and about July 2d, went to New York City where she remained until August 22d; that she left New York City to return to Drums because her mother was ill; that she returned to New York in December 1944 and had lived there up to the time of the taking of the depositions. Mr. T. Jaques Lancaster testified that the plaintiff's application for work in New York City had been accepted and that she was hired but that she never worked for him, either during her first or second visit in New York. Miss Louise Ghezzi testified that, during the period of July 2, to August 22, 1944, the plaintiff lived with Miss Ghezzi in the home of Miss Ghezzi's fiance during the family's absence on vacation, and that, since plaintiff's return in December, plaintiff has stayed with her cousins.

The term "citizen", as used in the Judiciary Act, 28 U.S.C.A. § 41(1), with reference to the jurisdiction of the Federal Courts, is substantially synonymous with the term "domicile". Delaware, L. & W. R. R. Co. v. Petrowsky, 2 Cir., 250 F. 554, 557.

It is conceded that Madelon Visintainer was domiciled in Pennsylvania when she went to New York in July 1944, and the burden is unquestionably upon her to show a change of domicile. In re Sealey v. United States, D.C., 7 F.Supp. 434.

Plaintiff testified that her trip to Washington was only a visit and that she intended to return to Drums, her home in Pennsylvania. When she went to New York in July she stayed with an aunt, paid

no room rent, made an application for a job but did not work. If a visit such as this be all that is required to change one's domicile, confusion is bound to result. There is little or no evidence that the plaintiff has in fact made her domicile in New York to uphold the burden which is upon her. The abandoning of one domicile for another means much more than a mere change of residence. It is a serious proceeding, and intention so to do should be shown by most satisfactory evidence, which does not exist here. See Earley v. Hershey Transit Co., D.C., 55 F.Supp. 981. It appears, therefore, that the Court is without jurisdiction of this action, and defendant's motion will be granted.

Now, this action is dismissed.