**GREENE et al. v. KEIM.**
Clv. A. No. 7103.

District Court, E. D. Pennsylvania.
Jan. 12, 1948.

W. Howard Dilks, Jr., of Philadelphia, Pa., for plaintiffs.

William H. S. Wells, of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This is an action brought by Anita M. Greene, individually and as trustee, and George M. Greene, her son, against S. Lucia Keim. Plaintiffs' complaint alleges that Mrs. Greene resides at Scottsdale, Arizona, that George Greene resides at Los Angeles, California, and that S. Lucia Keim resides in the Eastern District of Pennsylvania. Jurisdiction of this Court is invoked on the basis of diversity of citizenship of the parties. On behalf of S. Lucia Keim, there was filed a suggestion to the Court that it lacks jurisdiction in that all three parties in the case are actually citizens of the State of California. Accordingly, hearings were held to receive evidence on this issue. Counsel for plaintiffs has indicated that the complaint will be amended to allege that George Greene is a citizen of Arizona, not California. For the purposes of this issue of jurisdiction, it can be considered as amended.

Since all three parties in this case were concededly citizens of California and residing there in early August, 1946, plaintiffs must at least prove by a preponderance of the evidence that at some time subsequent either Miss Keim became a citizen of Pennsylvania, or the plaintiffs became citizens of Arizona. Mid-Continent Pipe Line Co. v. Whiteley, 10 Cir., 116 F.2d 871. The law in these matters is reasonably clear. Domicil and citizenship for this purpose may be taken as synonymous. Williamson v. Osenton, 232 U.S. 619, 34 S.Ct. 442, 58 L.Ed. 758. "Residence in fact, coupled with the purpose to make the place of residence one's home, are the essential elements of domicile." See State of Texas v. State of Florida, 306 U.S. 398, 424, 59 S.Ct. 563, 576, 830, 83 L.Ed. 817, 121 A.L.R. 1179. Domicil, of course, can be changed, but "A person cannot change his domicil by removal to a new dwelling-place without an intention to make the new dwelling-place his home." Restatement, Conflict of Laws, Sec. 18. Moreover, "The motive with which a person acquires a new dwelling-place does not determine the question of the establishment of a domicil of choice, but it may be important evidence tending to show whether or not when a new dwelling-place is acquired, there is an intention to make a home there." Restatement, supra, Section 22.

However, determination of the facts may be more difficult. Cf. In re Dorrance's Estate, 309 Pa. 151, 163 A. 303. Intent is an elusive fact to pin down, especially so when a person's statements and his "course of conduct" seem to conflict. 83 L.Ed. 817, 121 A.L.R. 1179. See State of Texas v. State of Florida, supra, 306 U.S. at page 425, 59 S.Ct. at page 576. Nevertheless, the issue remains whether these parties were still domiciled in California on March 19, 1947, when the complaint in this suit was filed. The fact that the question might more easily be decided a year or two from now when a longer "course of conduct" would be available as evidence of prior intent is no matter. Accordingly, therefore, upon the basis of the evidence produced before me, and making due allowance for the credibility of the witnesses, I make the following:

Findings of Fact

1. Defendant S. Lucia Keim, except for occasional trips of short duration, lived in California in the same house with the Greene family for about twelve years prior to August of 1946. In that period, the family moved several times but never outside of the State. Title to the last house in which they resided is in Miss Keim's name. During these twelve years, Miss Keim intended to make her residence in California her home, and so regarded it.

2. In August of 1946 the family group split up. There was some disagreement between Miss Keim and George Greene, who had recently returned from navy service. At about the same time Miss Keim's mother became quite ill, suffering a nervous breakdown. Miss Keim returned home to help her father take care of her mother, and to be with her family for a while. When she came back to Pennsylvania she did not intend to make her new dwelling-place her home.

952

3. Up to the time of suit in this case, Miss Keim still did not intend to make her new dwelling-place her home.

4. Plaintiff George Greene lived with his mother in their various residences in California for ten years prior to his entry into the Navy in 1944, while he was still a minor.

5. He returned from the Navy in July, 1946 and went to live with his mother in Pasadena in the house which is in Miss Keim's name. In September, 1946, he entered the University of Arizona, convincing the authorities there that he would soon be a resident of Arizona. He stayed at the University from September, 1946, to February, 1947, when he came to Philadelphia. He then returned directly to California and entered the University of Los Angeles, which he left in March. Since that time he has been staying with friends in Los Angeles, and looking after one of his mother's business interests.

6. At the time this suit was brought George Greene was twenty-one years old. He was born on January 12, 1926.

7. Up to the time of bringing suit, plaintiff George Greene did not intend to make Arizona his home. Since moving from the house in Pasadena, California, he has not intended to make any of the subsequent dwelling-places his home.

8. Prior to September, 1946, plaintiff Anita Greene resided in Pasadena, which she regarded as her home.

9. Primarily for reasons of personal health, and to assist her children to go to schools in Arizona, Mrs. Greene bought a home in Scottsdale, Arizona, and moved there in September, 1946. She still owns two houses in Pasadena furnished with her own furniture. When she moved to Arizona she did not intend to make her new dwelling-place her home, nor did she have such intention up to the time of bringing suit.

### Conclusions of Law

1. At the time this suit was brought, defendant Lucia Keim was domiciled in and a citizen of the State of California.

2. At the time this suit was brought, plaintiff George Greene was domiciled in and a citizen of the State of California.

3. At the time this suit was brought, plaintiff Anita Greene was domiciled in and a citizen of the State of California.

4. The requirement of diversity of citizenship is not met in this case.

5. An order will be entered dismissing the action for lack of diversity of citizenship, in accordance with this opinion.