**William M. BROWN**

v.

**James F. FENNELL, Jr.**

**Civ. A. No. 21030.**

United States District Court
E. D. Pennsylvania.

Oct. 2, 1957.

Benjamin Pomerantz, Philadelphia, Pa., for plaintiff.

Max E. Cohen, Philadelphia, Pa., for defendant.

LORD, District Judge.

The parties to this action were the drivers of two vehicles involved in a collision in Philadelphia, Pennsylvania, on August 21, 1954. The complaint, filed July 13, 1956, sets forth that the defendant is a citizen of New Jersey and that the plaintiff is a citizen of Pennsylvania. Diversity of citizenship is the sole ground on which this Court's jurisdiction is based.

The defendant has moved for dismissal of this action on the ground that the requisite diversity of citizenship is lacking inasmuch as both parties are domiciliaries of Pennsylvania. The defendant has also moved to amend his answer, filed on September 20, 1956, in which he admitted the allegation of his New Jersey citizenship. Since this Court is convinced that the defendant's motion to dismiss must be granted, his motion to amend his answer is denied.

It is well settled that domicile, not residence, is the test of state citizenship for the purpose of determining diversity of citizenship, e. g., Valentine v. Powers, D.C.D.Neb.1948, 85 F.Supp. 732. The pertinent facts as established by the defendant's sworn deposition, corroborated under oath by his mother who was present at the deposition, and by affidavits accompanying the motion to dismiss, and uncontradicted by the plaintiff, are as follows:

From the deposition it appears that the defendant, Mr. Fennell, was born in Pennsylvania in 1929. He is now living with his parents in Kingston, Pennsylvania. He has always maintained a residence with his parents, and except for his army service and four years he spent attending Rutgers University in New Jersey as a non-resident student beginning in September, 1952, he has actually lived with his parents. It is noteworthy in this connection that his tuition as a non-resident student at Rutgers University was $3 more per credit hour than it would have been had he registered as a resident student. During the school term the defendant resided either in a fraternity house or in a dormitory. Seasonal and summer vacations were spent with his parents in Kingston, Pennsylvania. Mr. Fennell was registered with the Kingston draft board and was registered as a voter in Kingston. While he had some clothes with him in New Jersey, he also had clothing at his home in Kingston. All of Mr. Fennell's correspondence from the Veterans Administration was addressed to Kingston except his veteran's school checks, which he received in New Jersey during the school term.

In 1955 the defendant left school to begin teaching at Kingston High School in Pennsylvania. He taught from September, 1955, to June, 1956, returning to Rutgers to attend summer school. He finished his courses in August, 1956, and immediately returned home, taking all his belongings with him. He has since then resided with his parents at Kingston where he has been employed as teacher and football coach.

The affidavit of Mr. Lundy R. Wright, a member of the Kingston Board of Education and Chairman of its Athletic Council, states that Mr. Fennell has been employed by the Kingston High School from September, 1955 until the present time. Mr. Wright's affidavit also states that it has been the policy of the Kingston Board of Education to hire only residents of Pennsylvania living within commuting distance of Kingston.

■ Mr. Fennell in his deposition stated that sometime in the spring of 1956, before he returned to Rutgers to conclude his studies, he had made arrangements to continue teaching at Kingston High School the following year. Hence it can be fairly inferred that when this suit was commenced in July, 1956, not only was Mr. Fennell domiciled in Kingston, but it was his intention to continue that as his domicile. It is well settled that a party's domicile at the time of the institution of suit is controlling for purposes of diversity jurisdiction, e. g., Woodard v. Mutual Life Ins. Co. of N. Y., D.C.W.D.La.1945, 59 F.Supp. 452.

The plaintiff, apparently under the mistaken belief that the defendant was a citizen of New Jersey, brought his action in this Court. When the accident occurred the defendant was driving a car registered in New Jersey, and the address on his New Jersey operator's license was his school residence in New Jersey. However, it is conceded by the parties that under New Jersey law anyone whose automobile is driven in that state is required to register his vehicle with proper New Jersey authority, whether the owner be a resident or a non-resident (New Jersey Statutes, Tit. 39:3-4, N.J.S.A.). While the New Jersey registration could have misled the plaintiff, it is clearly of little value in support of the plaintiff's contention that the defendant was a New Jersey citizen.

A second fact on which the plaintiff places considerable reliance is the institution of an earlier action, arising from the same accident, in the Municipal Court of Philadelphia in December, 1955. The present defendant, Mr. Fennell, was the named plaintiff in that case, and his New Jersey address appeared in the caption. According to Mr. Fennell's deposition, that suit was in reality initiated by his collision carrier. The address appearing on the collision policy was apparently the New Jersey address where Mr. Fennell was residing when he took out the policy. Not only was Mr. Fennell's citizenship not in issue in that suit, but at the time of the accident he had been residing in New Jersey. It seems likely that Mr. Fennell's attention was not called· to the caption. But even if he had noticed it, he would have had little if any reason to question it. While one can understand how the plaintiff could have reasonably believed at the time he brought this present action that the defendant was a New Jersey citizen, that fact cannot confer jurisdiction on this Court.

■ The plaintiff urges one final point. In defendant's answer to the complaint in the present action he admitted the allegation of his New Jersey citizenship. The defendant by his motion to amend his answer admits his error, and his attorney has submitted an affidavit in which he states that at the time he filed the answer for his client, he was not aware of his true domicile. This Court has no reason to doubt the complete truth of this statement. But even if it could be shown that deliberate deception had been practiced, the plaintiff has no cause to complain, since the admissions in the answer in no way worked to his legal prejudice. Jurisdiction cannot be conferred on the Federal Courts by waiver, estoppel, or consent.

427

"* * * the conclusion seems inescapable that the duty devolves upon the court 'at any time' the jurisdictional question is presented to proceed no further until that question is determined. It can not be conferred by agreement, consent or collusion of the parties, whether contained in their peadings or otherwise, and a party can not be precluded from raising the question by any form of laches, waiver or estoppel." Page v. Wright, 7 Cir., 1940, 116 F.2d 449, at page 453. See also Kaufman v. Liberty Mutual Insurance Co., 3 Cir., 1957, 245 F.2d 918.

The uncontroverted facts here admit of no interpretation other than that the defendant is and always has been a citizen of the Commonwealth of Pennsylvania.

For the foregoing reasons, it is ordered:

The defendant's Motion to Amend is denied.

The defendant's Motion to Dismiss is granted.