Bertrice PEMBERTON, Plaintiff,
v.
Paul COLONNA, Defendant.

Civ. A. No. 27243.

United States District Court
E. D. Pennsylvania.

Nov. 23, 1960.

Ward F. Clark, New Hope, Pa., for plaintiff.

Francis E. Shields, of Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendant.

WELSH, Senior District Judge.

Defendant, Paul Colonna, has moved to dismiss this action on the ground that diversity of citizenship of the parties un-

der 28 U.S.C.A. § 1332(a) (1)[1] is wanting.

The citizenship of defendant is not in dispute—he is a citizen of Pennsylvania. However, the citizenship of plaintiff, Bertrice Pemberton, is in dispute.

It is the contention of defendant that plaintiff is either a citizen of Pennsylvania or of the United States, and, in either event, the requisite jurisdiction of § 1332(a)(1), that the matter in controversy be between "citizens of different States", is lacking.

It is well settled that "citizens" as used in § 1332(a) (1) is substantially synonymous with domicile. Sherman v. Roosevelt Co., D.C. 48 F.Supp. 434; Messick v. Southern Pennsylvania Bus Co., D.C., 59 F.Supp. 799; Visintainer v. Hazleton Auto Bus Co., D.C., 61 F.Supp. 633 and Greene v. Keim, D.C., 74 F.Supp. 950. The basic elements of domicile are residence in fact, coupled with the purpose to make the residence one's home. Greene v. Keim, supra. As stated by the Supreme Court in State of Texas v. State of Florida, 306 U.S. 398, 59 S.Ct. 563, 576, 83 L.Ed. 817: "Residence in fact, coupled with the purpose to make the place of residence one's home, are the essential elements of domicile."

Hence, the first question to be determined is: Was plaintiff domiciled in Pennsylvania when she commenced this action on November 4, 1959?

The facts urged by defendant in support of the proposition that she was domiciled in Pennsylvania may be summarized as follows: In 1927, plaintiff and her husband moved from New York to Bucks County, Pennsylvania, where they resided until 1950. In 1950, she moved to Mexico, where she resided at various addresses with her husband until his death and alone thereafter until the date of the commencement of this action, November 4, 1959. Her presence in Mexico during this time has been on the authority of a "Tourist's Card", which is renewable every six months. The real estate in Bucks County, Pennsylvania, and the furniture contained at that location, which plaintiff owned prior to moving to Mexico, she still owns. Plaintiff last voted in Bucks County in 1946 or 1947. The plaintiff has taken no steps to change her voting registration from Bucks County. At the time this action was commenced, plaintiff maintained a bank account in the Salebury National Bank, New Hope, Pennsylvania. In addition, she filed her personal property tax return in Bucks County up to and including the year 1960. Plaintiff's Federal Income Tax Return was filed in Pennsylvania each year, including the return due in 1960.

Certainly, these facts establish beyond any doubt that plaintiff was domiciled in Pennsylvania from 1927 to 1950. However, we think that other facts which are outlined below establish that from 1950 to November 4, 1959 when she commenced this action, she was no longer domiciled in Pennsylvania. Plaintiff is a United States citizen who has been living in Mexico since 1950, with no intention of ever returning to the United States. Plaintiff's real estate in Bucks County is held by her solely for economic purposes—the property being leased to provide a source of income for her. When the opportunity presents itself the property will be sold, thereby divesting plaintiff of her last physical contact with the Commonwealth of Pennsylvania.

That the word "States" as used in § 1332(a)(1) refers to States of the United States is so well recognized that no citation of authorities is required. The second question to be decided then is: After 1950, or, more particularly, when plaintiff commenced this action on November 4, 1959, was plaintiff domiciled in any other State of the United States? The present record is devoid of any facts showing that she was. Therefore, plain-

1. "§ 1332(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, ex- clusive of interest and costs, and is be- tween—

"(1) citizens of different States".

**432**

tiff's status is that of a United States citizen with no State citizenship. That a person may be a citizen of the United States and at the same time not be a citizen of any State thereof is clearly recognized and established, as is evidenced by the following language of the Supreme Court in the Slaughter-House Cases, 16 Wall. 36, 73–74, 83 U.S. 36, 73–74, 21 L.Ed. 394:

> "It is that the distinction between citizenship of the United States and citizenship of a state is clearly recognized and established. Not only may a man be a citizen of the United States without being a citizen of a state, but an important element is necessary to convert the former into the latter. He must reside within the state to make him a citizen of it, but it is only necessary that he should be born or naturalized in the United States to be a citizen of the Union."

Thus, as defendant is a Pennsylvania citizen and plaintiff is a United States citizen with no State citizenship, it is plain that the jurisdictional requirement of § 1332(a)(1) that the matter in controversy be between "citizens of different States", is lacking.

It is the contention of plaintiff that her failure to establish that the matter in controversy is between "citizens of different States" as required by § 1332 (a) (1) does not oust this Court's jurisdiction for the reason that the jurisdictional requisite of 28 U.S.C.A. § 1332 (a)(2),[2] that the matter in controversy be between "citizens of a State, and foreign states or citizens or subjects thereof", is present. That is so, plaintiff states, because plaintiff is a citizen of a foreign state within the meaning of § 1332(a) (2), as the word "citizens" therein refers to domicile and plaintiff is domiciled in a foreign state, namely, Mexico.

■ We agree that plaintiff is domiciled in a foreign state. However, that is of no comfort to her as we are unable to subscribe to the proposition that the word "citizens" in § 1332(a)(2) has reference to domicile. For, under the authorities, it has reference to *actual* citizens of foreign states. Medvedieff v. Cities Service Oil Co., D.C., 35 F.Supp. 999, Klausner v. Levy, D.C., 83 F.Supp. 599 and Blair Holdings Corporation v. Rubinstein, D.C., 133 F.Supp. 496.

As plaintiff is not a citizen of a foreign state, the jurisdictional requirement of § 1332(a) (2), is lacking.

In conclusion, having found no jurisdictional basis for the maintenance of this action defendant's motion to dismiss will accordingly be granted.

2. "§ 1332(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between— * * *

"(2) citizens of a State, and foreign states or citizens or subjects thereof".