Richard **HAMLIN**
and
Raymond **Moulton**
v.
Craig W. **HOLLAND.**
Civ. A. No. 38329.

United States District Court
E. D. Pennsylvania.
July 7, 1966.

**1. Courts ⊙═256**

---

Freedman, Borowsky & Lorry, Philadelphia, Pa., for plaintiffs.

Micheal A. Foley, Philadelphia, Pa., for defendant.

### OPINION AND ORDER

WOOD, District Judge.

Defendant has moved to dismiss this diversity action under F.R.Civ.P. 12 because of lack of diversity of citizenship. Plaintiffs admittedly are citizens of Pennsylvania. Defendant claims he also is a citizen of Pennsylvania.

Plaintiffs commenced suit in Federal Court on June 21, 1965, believing that defendant was at that time residing in Florida. Service was made by mail from the Secretary of the Commonwealth on

July 26, 1965, at 513 Idlewild Circle, Media, Delaware County, Pennsylvania.

Holland, twenty-two years of age at the start of suit, had resided with his parents in Delaware County, Pennsylvania, from the time of birth to September, 1964, when he went to Washington, D. C. for a hotel training course, where he remained until January, 1965. Following his graduation, he went to Florida and returned to his parents' home on April 3, 1965, where he still resides. Defendant in his deposition taken by plaintiffs claims he went to Florida for a vacation although he had a job for a month in Fort Lauderdale. Plaintiffs contend that he at this point became a citizen of the State of Florida.

The motion to dismiss must be granted.

Jurisdictional statutes are to be strictly construed. Consequently, plaintiffs have the burden of supporting jurisdictional allegations by competent proof and in this case must show that Holland was a citizen of Florida on June 21, 1965.

Citizenship and domicile are generally regarded to be synonymous for purposes of jurisdiction under 28 U.S.C. § 1332. Pemberton v. Colonna, 189 F.Supp. 430 (E.D.Pa.1960). The distinction between residency and domicile lies in the fact that domicile requires the intent to make the place of residency a home without the present intention to return to the former domicile. There is ordinarily a presumption in favor of an original or former domicile as against an acquired one and proof of a change must be clear and convincing. Many circumstantial factors are taken into account in determining whether there was a change of domicile. 1 Barron & Holtzoff pp. 135–137 (Wright Ed. 1960). Of the relevant factors, plaintiffs mention only that defendant was employed in Florida for almost a month, that he was employed in a hotel as a clerk in which field he had some expertise and that he lived in Florida for almost two months. This is clearly not sufficient to sustain the burden of proof. Compare the facts in McNello v. John B. Kelly, Inc., 283 F.2d 96 (3rd Cir. 1960).

Defendant said in his uncontradicted deposition that he went to Florida for a vacation, although he did take a job for a short period. He returned shortly afterwards and resumed living with his parents, where he resided when this action was filed. Next (he made no irrevocable commitments in Florida nor even sought out living quarters of a kind which might evince any intent to remain permanently and to abandon his former domicile. Since this is the case, Pennsylvania must be considered to be his domicile for purposes of diversity jurisdiction when this suit was filed. His taking of a temporary position in Florida after having been there over a month seems perfectly consistent with his statement that he went to Florida for a vacation. Granted that the existence of diversity of citizenship is to be determined as of the time suit is instituted,[1] we find that on June 21, 1965, Holland was not even living in Florida.

Plaintiffs' counsel submitted a letter with his brief from defendant's counsel stating that defendant was then a resident of Florida. We find this letter to be immaterial for the present purpose. Defendant's counsel cannot confer subject matter jurisdiction on this Court when it initially lacks it. And since the letter was not intended to deceive plaintiffs into filing an action in this Court, it is useless for any other purpose such as to shift the burden of proof. Cf. Ramsey v. Mellon National Bank and Trust Co., 350 F.2d 874 (3rd Cir. 1965) and DiFrischia v. New York Central R. R. Co., 279 F.2d 141 (3rd Cir. 1960).

### ORDER

And now, this 7th day of July, 1966, it is ordered that defendant's motion to dismiss for lack of subject matter jurisdiction be granted.

1. Brongh v. Strathmann Supply Co., Inc., 358 F.2d 374 (3rd Cir. 1966).