Bernice KNEE

v.

**CHEMICAL LEAMAN TANK LINES, INC.**

Civ. A. No. 68–893.

United States District Court
E. D. Pennsylvania.

Nov. 21, 1968.

Charles M. Golden, Philadelphia, Pa., for plaintiff.

David F. Kaliner, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

WEINER, District Judge.

Plaintiff, a Pennsylvania citizen and resident, has filed suit for personal injuries sustained by the alleged negligence of defendant, Chemical Leaman Tank Lines, Inc., which is a Delaware corporation. Defendant has filed a Motion to Dismiss, claiming that its principal place of business is in Pennsylvania and, therefore, the requisite diversity required by 28 U.S.C.A. § 1332(c) is lacking.

In 1958, Congress added subsection (c) to 28 U.S.C.A. § 1332 "for the apparent purpose of somewhat contracting the diversity jurisdiction in cases involving corporations". Eldridge v. Richfield Oil Corporation, 247 F.Supp. 407 (S.D.Cal.1965), aff'd, 364 F.2d 909 (9th

Cir. 1966). The added sub-section (c) provides in relevant part as follows:

(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.

Kelly v. United States Steel Corporation, 284 F.2d 850 (3d Cir. 1960), is the controlling case in this circuit for the determination of a corporation's principal place of business. The headquarters of the corporation's day to day activities and management is deemed controlling of this determination.

■ The uncontradicted affidavit of defendant's president establishes that all billing, all computation and disbursement of payrolls, general supervision of sales and the executive office along with all executive officers take place and are located in Pennsylvania. Defendant maintains a number of branch terminals throughout the country and in Canada, however, Pennsylvania has the largest number of terminals and the general supervision of all of the terminals as well as central dispatching comes from the Pennsylvania office. A consideration of the combination of factors that point to one place as the principal place of business necessitates the conclusion that Pennsylvania is defendant's principal place of business and thus there is no diversity of jurisdiction pursuant to § 1332(c). See Mazer v. Coastal Tank-lines, Inc., 232 F.Supp. 689 (E.D.Pa. 1964); Alpha Portland Cement Co. v. MacDonald Engineering Co., 224 F.Supp. 714 (E.D.Pa.1963).

The real thrust of plaintiff's argument is not aimed at the question of whether or not defendant has its principal place of business in Pennsylvania, but rather to the gross unfairness that will result if this motion is granted. She argues that defendant filed an answer admitting plaintiff's allegation that the corporation is a corporation organized under the laws of the State of Delaware and maintains an office in Downingtown, Pennsylvania. That it did not contend that this Court

was without jurisdiction nor that its principal office was in Pennsylvania until after the Statute of Limitations had run. Furthermore, she argues that these facts were actively concealed as evidenced by the fact that defendant even proceeded to serve interrogatories while waiting for the statute to run. Such action, she argues, is unfair and should not accrue to the benefit of defendant.

■■ Defendant's failure to contest jurisdiction in its answer is not binding on it. It is a well settled principle that the question of subject-matter jurisdiction is always open. It cannot be conferred or supplied by consent of both parties or by estoppel, laches, or waiver of either party. Eldridge v. Richfield Oil Corporation, supra; Page v. Wright, 116 F.2d 449 (7th Cir. 1940); Brown v. Fennell, 155 F.Supp. 424 (E.D.Pa.1957). In fact, Judge Lord stated in *Brown:*

"But even if it could be shown that deliberate deception had been practiced, the plaintiff has no cause to complain, since the admissions in the answer in no way worked to his legal prejudice. Jurisdiction cannot be conferred on the Federal Courts by waiver, estoppel or consent". (Supra at 426).

■ Finally, plaintiff cites the recent decision of the Third Circuit in McSparran v. Weist, 402 F.2d 867 (3d Cir. filed October 2, 1968) for the proposition that in cases where jurisdiction is artificially created, a case should not be dismissed if the Statute of Limitations has expired, but rather should be retained by the Court. These cases are inapposite to the instant situation for two reasons. First, this is not a case where jurisdiction is "manufactured" as where an out of state guardian is appointed solely for diversity purposes. Furthermore, the decision to retain certain cases dealt with the question of whether or not to declare the new rule enunciated in those cases retrospective or prospective. The Court did not want to "work great hardship on those who have relied on our prior recognition of artificial diversity jurisdiction". McSparran, supra, 402 F.2d at 876. In the

instant situation, we are dealing with a statute which has been in effect since 1958 and thus the reliance aspect is not present at all.

We do not like to see a plaintiff deprived of his day in court in this manner, however, "absent federal jurisdiction, no judgment of a federal court can stand". Wymard v. McCloskey & Co., Inc., 342 F.2d 495 (3d Cir. 1965).

### ORDER

Defendant's Motion to Dismiss for lack of requisite diversity of citizenship is granted.

It is so ordered.