EASTERN PRE-CAST CORPORATION
v.
**GIANT PORTLAND CEMENT COMPANY, Concrete Conduit Corporation and John D. Wilson.**

**Civ. A. No. 68-1567.**

United States District Court
E. D. Pennsylvania.
July 29, 1969.

Blank, Rome, Klaus & Comisky, Philadelphia, Pa., for plaintiff.

William T. Coleman, Jr., Dilworth, Paxson, Kalish, Kohn & Levy, Philadelphia, Pa., for defendants.

## OPINION

HANNUM, District Judge.

Presently before this court are several motions by two sets of defendants. The first set consists of motions of Giant Portland Cement Co. and its president, John D. Wilson. The second set is of the defendant, Concrete Conduit Corporation.

The defendant Giant has moved to dismiss Count I of the Complaint for lack of jurisdiction. It also seeks a dismissal of Count II for failure to state a claim upon which relief can be granted.

Eastern is a corporation which was organized under the laws of the State of Illinois. Prior to the time suit was filed, it had its principal place of business in Pennsylvania. Eastern was engaged in the manufacture and sale of pre-cast concrete products especially a product called Cordex which it manufactured under a license agreement with Gagne Enterprises, Inc., an Illinois corporation. During 1965, Eastern was in a difficult financial condition and on October 28 entered into a "Management Agreement" with Giant. By the terms of the agreement Giant would have exclusive control and management of Eastern for a term of six years, but could terminate the agreement at any time after one year. Giant elected to terminate the agreement on August 31, 1967.

■■ Diversity of citizenship is determined at the time suit is instituted, Hamlin v. Holland, 256 F.Supp. 25 (E.D. Pa.1966). At the time suit was started, according to the plaintiff's affidavit, it did not have "any office or place of business in the Commonwealth of Pennsylvania, and had not engaged in, nor was engaging in, any business activity in the

Commonwealth of Pennsylvania." The plaintiff at the time it entered into the agreement with Giant had had its only plant and office in Pennsylvania, but that is not determinative since that was not the case when suit was instituted. Diversity of Citizenship for federal jurisdiction must exist not as of the time the cause of action arises but as of the time suit is instituted. Russell v. New Amsterdam Cas. Co., 325 F.2d 996 (8th Cir. 1964).

Giant's motion to dismiss Count I is denied.

Count II of the Complaint charges the defendants with violations of sections 1 and 2 of the Sherman Act, 15 U.S.C. Sections 1, 2 (1955).

The plaintiff had a licensing agreement with Gagne which provided that if Eastern "without good cause ceases to manufacture for a period of six (6) months, the licensor may cancel this agreement in its entirety * * *" Giant was aware of this agreement and according to the plaintiff's allegations, "caused Eastern to stop its manufacturing operations on March 1, 1967" and terminated the "Management Agreement" on August 31, 1967.

The allegation in paragraph 19 of the Complaint that the defendants " * * * entered into a combination and conspiracy, with the intent of and for the purpose of, destroying the business and property of Eastern, and to effect the transfer of the License granted by Gagne to Eastern * * * to Concrete Conduit Corporation" is sufficient to withstand the defendant's motion to dismiss. "Conspiracy raises a question of fact, or, at least, a question of factual inference. As such, it may not be properly disposed of on summary judgment. Bragen v. Hudson County News Co., 3 Cir., 278 F.2d 615." Dovberg v. Dow Chemical Co., 195 F.Supp. 337 at p. 340 (E.D.Pa.1961).[1]

The defendant, Concrete Conduit Corp., in its motion to dismiss charges that venue is improper under 15 U.S.C. Sections 15 and 22 (1914), in that nowhere is it alleged that the defendant Conduit "resides or is found or has an agent" or "inhabits" or "transacts business" within the Eastern District of Pennsylvania.

As a result of Eastern's failure to manufacture "Cordex" for a period of six months, Gagne terminated its license agreement with Eastern. The defendant, Concrete Conduit, eventually acquired the license which formerly existed between Gagne and Eastern. That license covered the several states including Pennsylvania.

The plaintiff has filed a notice of intention to take depositions, including that of Innis O'Rourke, Jr., the vice-president of Concrete Conduit. Mr. O'Rourke had stated in two affidavits that Concrete Conduit is "not presently doing business in Pennsylvania and has never done business in Pennsylvania," nor has "any agent or representative in the Commonwealth of Pennsylvania in the Eastern District of Pennsylvania." The plaintiff should be given an opportunity to take O'Rourke's deposition and a decision on Concrete Conduit's motion will be deferred until his deposition relating to the motion has been completed.

### ORDER

And now, this 29th day of July, 1969, it is ordered that defendants' motion to dismiss is denied as to Count I of plaintiff's Complaint. Defendants Giant and John D. Wilson's motion to dismiss as to Count 2 is denied. Defendant Concrete Conduit's motion as to Count 2 will be deferred for sixty (60) days until plaintiff has had an opportunity to complete discovery.

---

[1]. The case was tried on the merits and an appeal taken, 353 F.2d 963 (1965), cert. denied, 384 U.S. 907, 86 S.Ct. 1344, 16 L.Ed.2d 360 (1966).