**Cassie BARRETT**

v.

**Virginia COVERT.**

**Civ. A. No. 71–1504.**

United States District Court,
E. D. Pennsylvania.

Jan. 31, 1973.

Malcolm W. Berkowitz, Philadelphia, Pa., for plaintiff.

George P. Williams, III, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

Presently before the Court is Defendant's Motion under Federal Rule of Civil Procedure 12 to dismiss Plaintiff's Complaint, or in the alternative, a Motion for Summary Judgment for lack of diversity under Federal Rule of Civil Procedure 56.

The sole ground upon which Plaintiff invokes Federal jurisdiction is the averment in Paragraph 1 of the Complaint that, at the time the action was initiated, the Plaintiff was a citizen of Pennsylvania, the defendant was a citizen of New Jersey, and the amount in controversy exceeds the sum of $10,000.00, exclusive of interest and costs.

The Defendant claims that as a matter of fact, about which there is no genuine issue, the plaintiff and defendant were both citizens of the Commonwealth of Pennsylvania when this action was initiated.

The Defendant's Motion is based upon the Plaintiff's Complaint, the Defendant's Answer, and the transcript of a deposition that was taken of Defendant.

The Plaintiff seeks to recover money damages for personal injuries sustained as a result of an automobile accident which occurred on July 29, 1969, at the intersection of 45th and Market Streets, in Philadelphia, Pennsylvania. The Plaintiff was operating an automobile in a westerly direction on Market Street, and the Defendant's husband was operating the Defendant's automobile in a northerly direction on 45th Street and was in the process of turning left to proceed west on Market Street. The jurisdiction of this Court has been based upon diversity of citizenship, and the Plaintiff has conceded that she is a resident and a citizen of the Commonwealth of Pennsylvania. The defendant maintains that she, too, was a citizen and a resident of Pennsylvania at the time this action was filed on June 18, 1971.

The jurisdiction of this Court is invoked pursuant to Section 1332(a) (1) of The Judicial Code, 28 U.S.C. 1332, which provides, in relevant part, that the District Court shall have original jurisdiction of civil actions "between citizens of different states." Whether an action is between citizens of different states is a question of law to be determined by the trial Court and is controlled by the status of the parties at the time suit is begun. Seideman v. Hamilton, 173 F. Supp. 641 (E.D.Pa.1959), aff'd 275 F.2d 224 (3rd Cir., 1960).

"It is well settled that 'citizens' as used in § 1332(a)(1) is substantially synonymous with domicile. Sherman v. Roosevelt Co., D.C., 48 F.Supp. 434; Messick v. Southern Pennsylvania Bus Co., 59 F.Supp. 799 (E.D.Pa.1945); Visintainer v. Hazleton Auto Bus Co., 61 F. Supp. 633 (M.D.Pa.1945); and Greene v. Keim, D.C., 74 F.Supp. 950. The basic elements of domicile are residence in fact, coupled with the purpose to make the residence one's home. Greene v. Keim, *supra*. As stated by the Supreme Court in State of Texas v. State of Florida, 306 U.S. 398, 59 S.Ct. 563, 83 L.Ed. 817, 'Residence in fact, coupled with the purpose to make the place of residence one's home, are the essential elements of domicile.' " Pemberton v. Colonna, 189 F.Supp. 430, 431 (E.D.Pa. 1960), aff'd 290 F.2d 220 (3rd Cir., 1961).

Thus, the question presented by the Defendant's Motion is whether or not the Defendant was domiciled in Pennsylvania when she filed this action on June 18, 1971. If the Defendant was a domiciliary of Pennsylvania on that date, the Plaintiff's Complaint must be dismissed.

In the case of Hamlin v. Holland, 256 F.Supp. 25 (E.D.Pa.1966), Judge Wood noted (at page 27) that "jurisdictional statutes are to be strictly construed. Consequently, plaintiffs have the burden of supporting jurisdictional allegations by competent proof . . . ." The transcript of the Defendant's deposition reveals that the Defendant has resided in Pennsylvania since 1937, when she came to this state from Virginia and established a home in West Philadelphia. In 1941, the Defendant married Ed Covert,

and the couple took up residence in West Philadelphia. Later, the Defendant and Mr. Covert moved to 8015 Chelwynde Avenue, in the Eastwick section of Philadelphia. The Defendant and Mr. Covert have three sons, DeHaven, Alonzo and Arnold. The Defendant's marriage to Mr. Covert ended in divorce and, in 1961, the Defendant moved from her Eastwick home to her present home at 708 Greenhill Road, Sharon Hill, Pennsylvania. In 1961, the Defendant married Lloyd Johnson in Philadelphia, Pennsylvania. The Defendant and Mr. Johnson reside at the Defendant's home in Sharon Hill, Pennsylvania.

On the basis of the complaint, the answer, and the above mentioned deposition, there is no doubt in the Court's mind but that the defendant expressly intended Sharon Hill, Pennsylvania to be her permanent home. She had so considered it since 1961, and she intends Sharon Hill to be her home into the indefinite future (deposition transcript page 53). The Defendant's activities are entirely consistent with her expressed intent to have Sharon Hill as her domicile. A brief review of the factors which have been considered by other courts to be relevant in considering the question of domiciliary intent shows that other courts have considered the residence, the family, the voting location, income tax, banking, real estate and vehicle registration.

*Residence.* The Defendant's Sharon Hill, Pennsylvania home is a single family dwelling with three bedrooms, two baths, a living room, dining room, den, kitchen and garage.

*Family.* The Defendant's three sons were raised and educated in Pennsylvania. DeHaven, the oldest, is a member of the Armed Forces. He keeps his clothes and personal property in a room which is permanently set aside for him in the Defendant's Sharon Hill home. Alonzo lived at the Defendant's home until his marriage in 1971. Arnold also lived at the Sharon Hill home until his marriage in 1970. None of the Defendant's children were educated in New Jer-

sey or maintain a bedroom or a stock of clothing in New Jersey.

*Voting Location.* The Defendant has always registered and voted as a citizen of Pennsylvania. She has never registered or voted in New Jersey.

*Income Tax.* The Defendant files her Federal Income Tax returns from her home in Sharon Hill, Pennsylvania.

*Banking.* The Defendant maintains a checking account with the Girard Bank in Philadelphia. She has no checking account in any New Jersey bank. The Defendant maintains a savings account with the Philadelphia Savings Fund Society in Philadelphia.

*Real Estate.* In addition to her home in Sharon Hill, the Defendant owns three apartment houses in Philadelphia. The Defendant's husband does the maintenance on these properties and a real estate agent located in Philadelphia collects the rents from the tenants.

*Vehicles.* The Defendant owns an International truck that is registered in Pennsylvania, and she possesses a Pennsylvania motor vehicle operator's license. Defendant also owns a Pontiac automobile which is registered in New Jersey and she also maintains a New Jersey driver's license. The automobile is registered in New Jersey because the registration renewal date is in August when the defendant is in New Jersey for the purpose of conducting her rooming house business and because the New Jersey electronic inspection system is more convenient than the more cumbersome system prevailing in Pennsylvania. The Defendant secured her New Jersey driver's license because it was her understanding that she must have a New Jersey license to drive an automobile which is registered in that state.

Aside from the fact that one of the Defendant's two motor vehicles is registered in New Jersey, and that one of her two driver's licenses is of New Jersey issue, the Defendant's only other contact with New Jersey are those which are strictly related to her business as the owner and operator of two rooming hous-

es in Atlantic City. During the summer months, when the rooms and apartments in those houses are fully occupied, the Defendant physically resides in Atlantic City and spends her entire time managing these properties. During the summer season, the Defendant's husband sleeps in Atlantic City and commutes to work in Philadelphia except for the occasional times when he stays in Pennsylvania overnight because one of the Defendant's three Philadelphia apartment houses requires maintenance. During the portion of the year from Labor Day to Memorial Day, the Defendant and her husband stay in the Defendant's house in Sharon Hill during the week and go to Atlantic City on the weekends for the purpose of inspecting the rooming houses and for performing whatever off-season maintenance work may be required. The Defendant's state of mind toward her apartment in her rooming house in Atlantic City is that she goes there only for business reasons, and she is more comfortable in the Sharon Hill home, which is more commodious.

From the above recited facts, it is clear that the Defendant was a citizen of Pennsylvania on June 18, 1971, when this action was instituted. Moreover, she has been a citizen of Pennsylvania continuously since 1937, and she is still a citizen of Pennsylvania and never was a citizen of New Jersey.

The Plaintiff may have been led astray in this case into the belief that the Defendant was a citizen of New Jersey because of a letter that the Defendant sent the Plaintiff from Atlantic City on August 15, 1969, about two weeks after the accident of July 29, 1969. In the letter, the defendant asked the Plaintiff for information about the accident and the Defendant said "I am in Atlantic City running a Guest house (sic) would (sic) you be so kind to Call (sic) me at this number 1–609–348–9736. Thank you in advance (sic) I pay charges on this in Virginia Covert." The letter contained the return address "#6 N. New Hampshire Ave (sic) Atlantic City, N. J." and the envelope contained a sticker bearing

the printed address "Virginia Covert, 6 N. New Hampshire Av. (sic), Atlantic City, N. J. 08401." The letter contained no representations to the Plaintiff that the Defendant was a citizen of New Jersey. To the extent the letter gives any information concerning the Defendant's reason for writing to the Plaintiff from Atlantic City, the letter truthfully indicates that the Defendant was only in Atlantic City for the temporary purpose of "running a Guest house." Accordingly, the Court believes there is nothing in the letter which could be construed as intentionally deceiving the Plaintiff into the belief that the Defendant was a citizen of New Jersey.

In any event, it is irrelevant to this motion whether the Plaintiff was or was not misled by the Defendant's letter into the erroneous conclusion that the Defendant was a citizen of New Jersey. It has been decided repeatedly that a mistaken belief on the part of a plaintiff that diversity of citizenship exists cannot confer jurisdiction on this Court by estoppel when jurisdiction is, in fact, absent. Brown v. Fennell, 155 F.Supp. 424 (E.D.Pa.1957). See also Hamlin v. Holland, 256 F.Supp. 25 (E.D.Pa.1966). In the *Brown* case, the defendant, a citizen of Pennsylvania, owned a motor vehicle registered in New Jersey and possessed a New Jersey motor vehicle operator's license. Furthermore, the defendant's insurance carrier initiated a subrogation action in the defendant's name which showed a New Jersey address for the defendant. The Court held that, in the absence of intent to make New Jersey his home, the Defendant was not a citizen of New Jersey, and despite the fact that the plaintiff's mistake was understandable, that mistake could not confer jurisdiction on the Court. In the *Hamlin* case, the Plaintiffs claimed that jurisdiction existed because they relied upon a letter from the defendant's lawyer which indicated that the defendant was a resident of Florida. The Court dismissed this contention, stating that such a letter is immaterial for the purpose of determining jurisdic-

tion, which is wholly dependent upon the actuality, not the mistaken belief, of diversity of citizenship.

 The facts of the present case lead to the inescapable conclusion that the Defendant is and has been, since 1937, a citizen of the Commonwealth of Pennsylvania. Federal jurisdiction cannot be conferred by agreement, consent, or collusion of the parties, and a party cannot be precluded from raising the question of jurisdiction by any form of laches, waiver, or estoppel. Brown v. Fennell, *supra,* 427 of 155 F.Supp. Accordingly, the Court determines that the Defendant was a citizen of Pennsylvania on June 18, 1971, and the instant case must be dismissed for lack of diversity.