487 F.Supp. 1303 (1980)
Theodore LANG, Jr., also known as Ted Lang, Jr.
v.
WINDSOR MOUNT JOY MUTUAL INSURANCE COMPANY, 21 West Main Street, Ephrata, Pa. and the Cloister Relief Association, 21 West Main Street, Ephrata, Pa. and Crisfield Shipyard, Inc., 21 West Main Street, Ephrata, Pa., and Michael Klinefelder, 21 West Main Street, Ephrata, Pa., and J. Randy Klinefelder, 21 West Main Street, Ephrata, Pa., and G. R. Klinefelder, 21 West Main Street, Ephrata, Pa., and Russell Thomas, 21 West Main Street, Ephrata, Pa.
Civ. A. No. 80-0983.
United States District Court, E. D. Pennsylvania.
April 21, 1980.
*1304 Dante Mattioni, Philadelphia, Pa., for plaintiff.
John W. Dry, Reading, Pa., for defendants.

MEMORANDUM AND ORDER
TROUTMAN, Judge.
Late in 1976 plaintiff purchased from defendants the Crisfield Shipyard in Crisfield, Maryland. Plaintiff alleges that defendants unlawfully and contrary to their agreement of sale removed substantially all of the inventory, furniture, machinery and equipment which defendants had sold to plaintiff, who further alleges the following concatenation of events: Defendants defaulted on the terms of the agreement of sale and in delivery of the consideration for the debt underlying the mortgage. Notwithstanding defendants' default, plaintiff continued to pay installments under the mortgage. Plaintiff placed these payments in escrow when defendants refused to "make good their default". Despite the escrow tender of payments defendants declared plaintiff in default under the mortgage and foreclosed at a sale which defendants advertised in a manner calculated to discourage bidders for the premises to be sold.[1] At the sale defendants purchased the shipyard for a sum of money substantially less than the principal balance due thereon. Plaintiff seeks compensatory, consequential and punitive damages in excess of two million dollars. Moving to dismiss, defendants contend that the lack of diversity between plaintiff and them divests this Court of jurisdiction.
Plaintiff commenced this litigation when he filed his complaint on March 7, 1980.[2] At that time he alleged that he was a citizen of the Commonwealth of Virginia and that defendants were all citizens of or incorporated by the Commonwealth of Pennsylvania.[3] However, in connection *1305 with the motion to dismiss, defendants adduced an affidavit which indicates that four members of defendant Cloister Relief Association are residents and domiciliaries of Virginia.[4] Plaintiff argues that his change of domicile to the District of Columbia after filing suit provides the requisite diversity and cures any previous flaw in jurisdiction.
The burden of proving diverse citizenship falls upon the party invoking federal jurisdiction[5] and remains there even if the other party challenges this assertion[6] because the diversity statute[7] is strictly construed.[8] Generally, diversity jurisdiction is determined, not when the cause of action arose,[9] but at the time plaintiff commenced the action.[10] This rule enjoys uniform acceptance throughout the circuits,[11] and commands a long history of allegiance.[12] Diversity must be complete.[13] *1306 Normally, subsequent events fail to defeat the Court's jurisdiction.[14] However, when the nature of the action remains the same, subsequent events cannot create diversity jurisdiction, for federal jurisdiction is "limited . . . [and] conferred only as the Constitution and Congress direct",[15] and parties cannot waive,[16] agree to[17] or create[18] federal jurisdiction.
In Hagen v. Payne,[19] for example, plaintiff sued the driver of a school bus in which she was riding for injuries she sustained when the bus went over an embankment and overturned. At the time plaintiff initiated the litigation both she and defendant were Arkansas domiciliaries. Later, the defendant moved to Oklahoma. The court held that
the departure from the State by the defendant . . . after the suit was commenced did not create diversity of citizenship, and since at the time the suit was commenced, the defendant . . . was a citizen and resident of Arkansas, there was not complete diversity of citizenship between the plaintiffs and the two defendants.[20]
In E. K. Carey Drilling Co. v. Murphy,[21] plaintiff and defendants signed a stipulation dismissing plaintiff and leaving only the defendants and non-diverse third-party defendants. The court, rejecting the notion that the change in residence of one of the original defendants would satisfy the requirements of diversity jurisdiction, concluded that "no change of citizenship by either party after suit . . . has begun will effect . . . jurisdiction."[22] In Lyons v. Weltmer,[23] the Court of Appeals affirmed a district court order dismissing an action for damages by a former inmate against the superintendent of a Maryland asylum for the insane. At the time plaintiff filed the complaint he was a citizen of Maryland. The court rejected the argument that his subsequent removal to Virginia would confer diversity jurisdiction because "questions of jurisdiction are to be determined on the basis of conditions existing at the time the action was instituted".[24]
*1307 In the case at bar plaintiff and several defendants were residents and domiciliaries of the Commonwealth of Virginia at the time plaintiff instituted this litigation. Accordingly, the Court lacks jurisdiction[25] and the complaint must be dismissed, although plaintiff may be able to reinstitute the action.[26]
Alternatively plaintiff argues that he should be given leave to file an amended complaint omitting any defendant that might be considered non-diverse. Diversity, however, may not be perfected in this manner if the court determines that the non-diverse party to be dropped is indispensable to a fair adjudication of the controversy.[27] Although no prescribed formula exists for determining whether a person is an indispensable party,[28] the concept includes elements of prejudice, equity and good conscience.[29] An indispensable party possesses a material interest in the controversy.[30] The relief requested by plaintiff is also pertinent.[31] Ultimately, resolution depends on the context in which the question arises.[32] Otherwise stated, an indispensable party is "one as to whom any judgment, if effective, would necessarily affect his interest, or would, if his interest is eliminated, constitute unreasonable, inequitable, or impractical relief."[33]
Plaintiff has identified the Cloister Relief Association, which contains non-diverse members, as a "formal seller identified in the agreement" of sale of the shipyard.[34] Plaintiff further implicated the Association with the questioned transaction by noting that supplemental agreements and mortgages were executed at settlement with the Association.[35] In view of the nature of plaintiff's cause of action, present contentions and requested relief, the Court could not dismiss the Association in good conscience, for the Association's rights would be affected by an adjudication and the Court could not proceed to final decision without one of the named sellers to the transaction.[36]
*1308 Accordingly, defendants' motion to dismiss the complaint will be granted.
NOTES
[1] According to plaintiff, prior to the declaration of foreclosure the Government initiated procedures to construct a deep water port facility at Crisfield. Plaintiff's property was the only one suitable for conversion thereto. The third phase of the development plan for the facility and the establishment of an oil refinery had been completed before defendants advertised the foreclosure sale. The advertisement failed to mention or refer to the deep water port and refinery potential.
[2] Fed.R.Civ.P. 3.
[3] Defendant Windsor Mount Joy Mutual Insurance Company is a Pennsylvania corporation with its principal place of business in Pennsylvania. Defendant Cloister Relief Association is an unincorporated association of Pennsylvania. Defendant Crisfield Shipping, Inc., is a Maryland corporation with its principal place of business in Maryland. All Klinefelder defendants and defendant Thomas are residents and citizens of Pennsylvania.

All defendants but J. Randy Klinefelder and Russell Thomas have moved to dismiss. Although these defendants have not moved to dismiss, the complaint will also be dismissed as to them, for the Court is obliged to inquire into jurisdiction sua sponte under appropriate circumstances.
[4] For purposes of diversity jurisdiction the citizenship of an unincorporated association is the citizenship of the individual members of the association. United Steelworkers of America v. R. H. Bouligny, Inc., 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965), Chapman v. Barney, 129 U.S. 677, 9 S.Ct. 426, 32 L.Ed. 800 (1889). Accordingly, in a diversity suit against an unincorporated association plaintiff's citizenship must be diverse from the citizenship of each member of the association. Riverside Memorial Mausoleum, Inc. v. UMET, 581 F.2d 60 (3d Cir. 1978), Plechner v. Widener College, Inc., 569 F.2d 1250 (3d Cir. 1977), Carlsberg Resources Corp. v. Cambria Savings & Loan Association, 554 F.2d 1254 (3d Cir. 1977).
[5] McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1945), Thomson v. Gaskill, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951 (1942).
[6] See McNutt v. General Motors Acceptance Corp., 298 U.S. at 189, 56 S.Ct. at 785:

the authorized inquiry is primarily directed to the one who claims that the power of the court should be exerted in his behalf. As he is seeking relief subject to this supervision it follows that he must carry throughout the litigation the burden of showing that he is properly in court. The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by a formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof.
See also Thomson v. Gaskill, supra.
[7] 28 U.S.C. § 1332(a)(1).
[8] Thomson v. Gaskill, supra, City of Indianapolis v. Chase National Bank, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941), Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248 (1934).
[9] Janzen v. Goos, 302 F.2d 421 (8th Cir. 1962), McNello v. John B. Kelly, Inc., 283 F.2d 96 (3d Cir. 1960), Webb v. Nolan, 361 F.Supp. 418 (M.D.N.C.1972), aff'd, 484 F.2d 1049 (4th Cir. 1973), appeal dismissed, 415 U.S. 903, 94 S.Ct. 1397, 39 L.Ed.2d 461 (1974), Parham v. Edwards, 346 F.Supp. 968 (S.D.Ga.1972), aff'd, 470 F.2d 1000 (5th Cir. 1973), Eastern Pre-Cast Corp. v. Giant Portland Cement Co., 48 F.R.D. 4 (E.D.Pa.1969).
[10] Wolgin v. Atlas United Financial Corp., 397 F.Supp. 1003 (E.D.Pa.1975), aff'd, 530 F.2d 963 (3d Cir. 1976), Gavin v. Read Corp., 356 F.Supp. 483 (E.D.Pa.1973), Barrett v. Covert, 354 F.Supp. 446 (E.D.Pa.1973), Hamlin v. Holland, 256 F.Supp. 25 (E.D.Pa.1966).
[11] Hawes v. Club Ecuestre El Comandante, 598 F.2d 698 (1st Cir. 1979), Dery v. Wyer, 265 F.2d 804 (2d Cir. 1959), Krasnov v. Dynan, 465 F.2d 1298 (3d Cir. 1972), Webb v. Nolan, supra, American Foundation, Inc. v. Mountain Lake Corp., 454 F.2d 200 (5th Cir. 1972), Television Reception Corp. v. Dunbar, 426 F.2d 174 (6th Cir. 1974), Hoefferle Truck Sales, Inc. v. Divco-Wayne Corp., 523 F.2d 543 (7th Cir. 1975), Great American Insurance Co. v. Louis Lesser Enterprises, Inc., 353 F.2d 997 (8th Cir. 1965), Smith v. Campbell, 450 F.2d 829 (9th Cir. 1977), Johnson v. Cordell National Bank, 421 F.2d 1310 (10th Cir. 1970).
[12] Koenigsberger v. Richmond Silver Mining Co., 158 U.S. 41, 15 S.Ct. 751, 39 L.Ed. 889 (1895), Metcalf v. Watertown, 128 U.S. 586, 9 S.Ct. 173, 32 L.Ed. 543 (1888), Mullan v. Torrance, 22 U.S. (9 Wheat.) 537, 6 L.Ed. 154 (1824), Morgan v. Morgan, 15 U.S. (2 Wheat.) 290 (1817).
[13] City of Indianapolis v. Chase National Bank, supra, Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).
[14] Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970), Smith v. Sperling, 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957), St. Paul Mercury Indemnity Co. v. Red Cab, Inc., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), Louisville, N. A. & C. Railroad v. Louisville Trust Co., 174 U.S. 552, 19 S.Ct. 817, 43 L.Ed. 1081 (1899), Conolly v. Taylor, 27 U.S. (2 Pet.) 556, 7 L.Ed. 518 (1829), Mullen v. Torrance, supra, Garrett v. Bamford, 582 F.2d 810 (3d Cir. 1978). For examples, see St. Paul Mercury Indemnity Co. v. Red Cab Inc., supra (if plaintiff reduces claim to less than jurisdictional amount subsequent to removal from state court), Stifel v. Hopkins, 477 F.2d 1116 (6th Cir. 1973) (conviction and imprisonment), Brough v. Strathman Supply Co., 358 F.2d 374 (3d Cir. 1966) (death of original party and consequent formal substitution of personal representative of non-diverse citizenship), Russell v. New Amsterdam Casualty Co., 325 F.2d 996 (8th Cir. 1964) (bona fide change in domicile), Codagnone v. Perrin, 351 F.Supp. 1126 (D.R.I. 1972) (enlistment in the military).
[15] Holman v. Carpenter Technology Corp., 484 F.Supp. 406, 408 (E.D.Pa.1980).
[16] Dred Scott v. Sanford, 60 U.S. (19 How.) 393, 15 L.Ed. 691 (1857), Jackson v. Ashton, 33 U.S. (8 Pet.) 148, 8 L.Ed. 898 (1834).
[17] Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), America Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), McCoy v. Siler, 205 F.2d 498 (3d Cir.), cert. denied, 346 U.S. 872, 74 S.Ct. 120, 98 L.Ed. 380 (1953).
[18] Kramer v. Caribbean Mills, Inc., 394 U.S. 823, 89 S.Ct. 1487, 23 L.Ed.2d 9 (1969), 28 U.S.C. § 1359, Houston v. Astle, 435 F.2d 847 (3d Cir. 1970).
[19] 222 F.Supp. 548 (W.D.Ark.1963).
[20] Id. at 553.
[21] 113 F.Supp. 226 (D.Colo.1953).
[22] Id. at 228.
[23] 174 F.2d 473 (4th Cir. 1949).
[24] Id. at 473. See also Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954 (5th Cir. 1966) ("[i]t seems to be without question that a change of citizenship occurring after the commencement of the action would not affect jurisdiction or the absence of it"), Wolgin v. Atlas United Financial Corp., 397 F.Supp. at 1010 ("diversity is determined as of commencement [of the action] . . . if diversity of citizenship did not exist when the action was commenced, it cannot be created by a later change in domicile by one of the parties or some other event"), Seaboard Finance Co. v. Davis, 276 F.Supp. 507 (N.D.Ill.1967) ("[i]f there is no diversity at that time [the date of commencement of the action], it cannot be created by a subsequent change of domicile by one of the parties").
[25] New Orleans Mail Co. v. Flanders, 79 U.S. (12 Wall.) 130, 20 L.Ed. 249 (1870).
[26] See Seaboard Finance Co. v. Davis, supra.
[27] Schuckman v. Rubenstein, 164 F.2d 952 (6th Cir. 1947), Gallo v. Yamaha Motor Corp., U.S.A., 488 F.Supp. 502 (E.D.Pa.1980).
[28] Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968).
[29] Kaplan v. International Alliance of Theatrical and Stage Employees and Motion Picture Machine Operators of the United States and Canada, 525 F.2d 1354 (9th Cir. 1975).
[30] Griffin v. Locke, 286 F.2d 514 (9th Cir. 1961), Eads v. Sayen, 281 F.2d 791 (7th Cir. 1960).
[31] Kuchenig v. California Co., 350 F.2d 551 (5th Cir. 1965), cert. denied, 382 U.S. 985, 86 S.Ct. 561, 15 L.Ed.2d 473 (1966).
[32] Helzberg's Diamond Shops, Inc. v. Valley West Des Moines Shopping Center, Inc., 564 F.2d 816 (8th Cir. 1977).
[33] Link v. Celebrezze, 236 F.Supp. 599, 600 (E.D.Pa.1964). See also Shell Development Corp. v. Universal Oil Products Co., 157 F.2d 421 (3d Cir. 1946).
[34] Complaint, ¶ 8.
[35] Complaint, ¶ 13.
[36] Chiodo v. General Waterworks Corp., 380 F.2d 860 (10th Cir.), cert. denied, 389 U.S. 1004, 88 S.Ct. 562, 19 L.Ed.2d 599 (1967). See also Jacobsen v. Luckenbach S. S. Co., 201 F.Supp. 883 (D.Or.1961) (when plaintiff sues for breach of contract, all parties thereto are deemed indispensable and should be joined).

Additionally, to allow plaintiff to amend the present complaint to withdraw any or all members of the Association would be unnecessary. Despite the accepted principle that courts should allow complaints to be amended freely, where permission would "indulge futile gestures", Holman v. Carpenter Technology Corp., 484 F.Supp. at 409, amendment may be denied. Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Were the Court to allow plaintiff to amend the complaint and to delete the Association, the altered complaint would be subject to dismissal for failure to join an indispensable party.