## WATTERS v. RALSTON COAL CO.
### No. 4233.

District Court, M. D. Pennsylvania.
April 18, 1941.

See, also, 25 F.Supp. 387.

Charles F. Bidelspacher, Jr., of Williamsport, Pa., for plaintiff.

Michael J. Maggio, of Williamsport, Pa., for defendant.

**JOHNSON, District Judge.**

This is an action of assumpsit to recover damages for alleged breach of contract for stripping coal. The jurisdiction of this court rests upon the amount involved and the diversity of citizenship. Defendant has not questioned that the jurisdictional amount is involved, but it has denied plaintiff's allegation that he was a citizen of Ohio when he started this suit in 1938, and has moved to dismiss this action for lack of jurisdiction. Pursuant to order of this court, plaintiff has taken depositions, and the question is now before the court for disposition.

■ State citizenship means the same as domicil, the fact of residence, accompanied by an intention to remain. Mitchell v. United States, 21 Wall. 350, 22 L.Ed. 584; Morris v. Gilmer, 129 U.S. 315, 9 S.Ct. 289, 32 L.Ed. 690; Bjornquist v. Boston & A. R. Co., 1 Cir., 250 F. 929, 5 A.L.R. 951, certiorari denied, 248 U.S. 573, 39 S.Ct. 11, 63 L.Ed. 427.

It is admitted that plaintiff was a citizen of Ohioi in 1936. The depositions of plaintiff and certain Ohio witnesses were taken in 1939. These depositions show that for many years preceding 1939 plaintiff maintained his permanent business headquarters and personal residence in Ohio, and had been there personally from time to time during those years, that plaintiff is an engineering contractor whose work frequently calls him away from Ohio for extended periods, but that he always returned to Ohio and always had the intention to return there, and that, for this latter reason, he has kept furniture for a six-room house stored there, has kept his valuable papers in a safe deposit box there, and has never informed the bulk of his acquaintances with his temporary addresses outside of that state. While working away from Ohio, plaintiff has lived in hotels, camps, tents, cabins and furnished rooms.

Defendant contends that plaintiff has never removed his goods from storage because he could not pay the storage charges. This is denied by the deposition of an officer of the storage company who states plaintiff's account is a good one and not delinquent.

■ Secondly, defendant points to payment by plaintiff of an occupation tax in Tyrone, Pennsylvania, to prove citizenship in Pennsylvania. The depositions show that this assessment was levied upon all persons living in Tyrone at the time of assessment, regardless of domicil or citizenship.

■ Thirdly, defendant points out that plaintiff bought and financed two automobiles in Pennsylvania, and used Pennsylvania addresses on his registration and operator's cards. Financing automobiles in Pennsylvania does not contradict an allegation that plaintiff is a citizen of Ohio, and statements of address on operator's and automobile registration cards show only the present living address of the registrant. Causey v. Lockridge, D.C., 22 F. Supp. 692.

■ Fourthly, defendant points out plaintiff did not register or vote in Ohio in 1936, 1937 or 1938. Plaintiff admits this, but neither did he register or vote in any other state in those years, so that his failure to do so in Ohio is no evidence that he had relinquished his citizenship there.

■ Lastly, defendant, throughout the taking of plaintiff's deposition, objected to questions whether plaintiff's intention always was to return to Ohio, defendant's counsel claiming that such questions called for conclusions. The intention of a person is competent to be proved as an independent fact, and declarations of the party himself are the best evidence of his intention, the weight given such declarations to be determined by the time and circumstances under which they are made. 17 Am.Juris., Domicil, sec. 88.

■ Upon a careful consideration of the depositions, there is no evidence that since 1936 plaintiff has ceased to be a citizen of Ohio. The court must therefore hold that at the time of instituting this action, plaintiff was a citizen of Ohio.

Defendant's motion to dismiss this action for lack of jurisdiction is dismissed, and it is ordered that within twenty days after a receipt of a copy of this order, defendant shall serve upon counsel for plaintiff an answer to the complaint in this action.