Paul B. MOESSER, Plaintiff,

v.

CRUCIBLE STEEL COMPANY OF AMERICA, Defendant.

Civ. A. No. 17563.

United States District Court
W. D. Pennsylvania.

May 27, 1959.

John D. Ray, Beaver, Pa., for plaintiff.

Bruce Martin, Pringle, Bredin & Martin, and James J. Burns, Jr., Pittsburgh, Pa., for defendant.

McILVAINE, District Judge.

In this case the plaintiff, Paul B. Moesser, a citizen of Pennsylvania, has filed a complaint against the defendant, Crucible Steel Company of America, a New Jersey corporation, seeking damages from the defendant alleging that he was injured as a proximate result of defendant's negligence in permitting him to

work in an area which exposed him to dangerous fumes.

The defendant filed its answer in which it denied that it was negligent and raised the defense that this Court lacks jurisdiction. Subsequently, it filed what it called a motion for summary judgment, raising as a defense that its principal place of business is in Pennsylvania, and that, therefore, there was a lack of diversity between the parties as required by Section 1332(c) of Title 28 United States Code. We feel that this motion is more in the nature of a motion to dismiss for lack of jurisdiction rather than a motion for summary judgment, and this Court will so consider it.

Plaintiff, of course, seeks to invoke the jurisdiction of this Court because of diversity of citizenship, and the amount in controversy. In its complaint it alleges that the amount in controversy is in excess of $10,000, and alleges the diverse citizenship of the parties. However, the defendant argues that its principal place of business is Pennsylvania and, therefore, there is no diversity.

■ The relevant portion of the Act of Congress provides as follows:

"For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c).

It seems clear that the intent of Congress from the above quoted section of the code was to limit the diversity jurisdiction of the district court, and that where a corporation was incorporated in one state and had its principal place of business in another state, it would be deemed a citizen of both states for the purposes of determining whether diversity of citizenship existed. U.S.Code Cong. & Adm.News 1958, p. 3102.

■ The question that we have to determine here is where does this corporation have its principal place of business. It appears to this Court that Congress intended that the Court in making this determination be governed by the criteria set up under the Bankruptcy Act (11 U.S.C.A. § 11). It appears that the Court should be guided in making this determination by the determinations and decisions the courts have made under the Bankruptcy Act in determining where the principal place of business is.

■ The question as to the principal place of business of a corporation is always one of fact depending upon the circumstances of the particular case. In re American & British Mfg. Corp., D.C. Conn.1924, 300 F. 839.

The courts have pointed out that it is not always easy to lay down any general rule for determining which one of several places at which a corporation does business is its principal place of business. It is to be gathered from a general survey of the corporation's activities. The decision depends upon a comparison of the activities at each place in respect to their character, importance, and amount. In re Worcester Footwear Co., D.C.Mass. 1918, 251 F. 760, 762. To make this determination, which is essentially a factual one, we felt that answers to the following questions would be most helpful. Therefore, the Court propounded the following questions to the defendant which were pertinent to this inquiry:

"(1) What is the gross value of the products manufactured in Pennsylvania as distinguished from products manufactured in other states?

"(2) How many employees does the defendant have in Pennsylvania as compared with its total employees?

"(3) What is the character of the corporation?

"(4) What are its purposes?

"(5) What kind of business does it operate?

"(6) Where is the situs of its operation?

"(7) Where are the supervisory officers located such as the president, vice-president, treasurer, secretary, and members of the board of directors?

"(8) Where are other officers of the corporation located, such as the industrial relations director, its public relations director, etcetera?

"(9) Where does it have its largest number of employees and the largest payroll?

"(10) Where does it have most of its tangible property?

"(11) Where does it make most of its purchases?

"(12) In what state is its business directed and controlled?"

The defendant answered these by filing the following affidavit:

"(1) Approximately 65% of all products manufactured by the defendant and its subsidiaries during the year 1958, were manufactured in the Commonwealth of Pennsylvania.

"(2) Of the approximately 14,786 employees of the defendant, 10,101 of them are located in Pennsylvania.

"(3) The defendant is a stock corporation organized under the corporation laws of the State of New Jersey.

"(4) A summary of the purposes of the defendant as set forth in its charter is to produce, manufacture, acquire, sell, all kinds of steel and other metals, and to mine coal and ores.

"(5) The defendant is a fully integrated specialty steel-producing company, producing stainless steel, high alloy steel, titanium, low alloy steel and specialty carbon steels.

"(6) Although the defendant maintains four plants in states other than Pennsylvania, and operates sales offices and warehouses in twenty-six states, its principal holdings, including three steel plants and the larger of its two coal mines, are within the Commonwealth of Pennsylvania.

"(7) The supervisory officers of the defendant, such as the president,

vice president, treasurer and secretary, and the majority of the board of directors are located in Pittsburgh, Pennsylvania.

"(8) The majority of the other officers of the corporation such as the vice president of sales, vice president of finance, vice president of technology, and vice president of employee relations, and also the director of purchases are located in Pittsburgh, Pennsylvania.

"(9) The largest number of the defendant's employees are located at the Midland Plant in Midland, Pennsylvania.

"(10) Most of the tangible property of the defendant is located in Midland, Pennsylvania.

"(11) Defendant's records do not indicate the state where the various materials used by it are originally obtained; however, the majority of all purchases is made by defendant's purchasing department in Pittsburgh, Pennsylvania.

"(12) The defendant's business is directed and controlled from its principal office located at 535 Smithfield Street, Pittsburgh, Pennsylvania."

The plaintiff has not sought to contravene any of the answers that the defendant filed to the Court's questions even though he was given ample opportunity to do so, and in fact indicated to the Court that their answers were probably true. Therefore, the Court must accept these answers as true facts.

In the case of Scot Typewriter Co. v. Underwood Corp., D.C., 170 F.Supp. 862, the district court there pointed out that where a corporation that engages in far-flung and varied activities which are carried on in different states,

"its principal place of business is the nerve center from which it radiates out to its constituent parts and from which its officers direct, control and coordinate all activities without regard to locale, in the fur-

therance of the corporate objective." 170 F.Supp. at page 865.

Applying any or all of these tests to the facts of this case, it is clear that the defendant, Crucible Steel Company of America, has its principal place of business in the Commonwealth of Pennsylvania, as most of its products are manufactured here, the greatest number of employees are employed here, its principal holdings are located within the Commonwealth of Pennsylvania, its officers and principal office are located in Pennsylvania, and the nerve center of this manufacturer of steel products is located in the heart of the steel-making center of the world—Western Pennsylvania. Therefore, there being a lack of diversity of citizenship as required by Section 1332(c) of Title 28 United States Code, the case should be dismissed.