Eugene **TANZYMORE**

v.

**BETHLEHEM STEEL CORPORATION**

and

**Young-Posen, Inc.**

**Civ. A. No. 69–675.**

United States District Court,
E. D. Pennsylvania.

March 8, 1971.

Edmund P. Turtzo, Bangor, Pa., and Renald S. Baratta, Easton, Pa., for plaintiff.

Robert H. Holland, Bethlehem, Pa., for Bethlehem Steel Corp.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., Chief Judge.

On January 21, 1971, 325 F.Supp. 891, this Court dismissed the above-entitled action upon motion of defendant Bethlehem Steel Corporation, on the ground that plaintiff is "at best a resident of Pennsylvania, and may, in fact, be a citizen of no state", thereby defeating this Court's diversity jurisdiction.

Plaintiff has now petitioned this Court to transfer the action to the United States District Court for the District of Delaware, where the defendant Bethlehem Steel is incorporated. This request, made pursuant to 28 U.S.C.A. § 1404, is based upon what plaintiff refers to as "the probability that [he] is a citizen of Pennsylvania", and that he may, therefore, bring suit against defendant Bethlehem Steel in its state of incorporation.

Defendant Bethlehem Steel has replied that because it is a dual citizen of the state of its incorporation and of its principal place of business, which is within this district, the plaintiff is precluded from bringing a diversity action in either state.

Section 1404 states in relevant part that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought." We find this to be inapplicable for two reasons.

First, it seems unlikely that the interests of justice will be served by asking plaintiff, who by his own admission remains within the district for pressing medical reasons, to travel to the District of Delaware for a trial. Nor is it similarly reasonable to expect that it would be more convenient for witnesses and records, presently within this district, to be produced within another.

Even more compelling is the question of diversity jurisdiction, upon which this case was founded. Plaintiff states that this Court granted defendant Bethlehem Steel's motion, based "[u]pon the probability that Eugene Tanzymore is a citizen of Pennsylvania. * * *" Our order clearly found plaintiff was *"at best a resident of Pennsylvania,* and may, in fact, be a citizen of no state." (Emphasis not in original).

Assuming *arguendo* that plaintiff is a Pennsylvania resident, we are persuaded that he would still be unable to sue defendant in a district court in Delaware. In Moesser v. Crucible Steel Company of America, 173 F.Supp. 953 (W.D.Pa.1959), a case strikingly like the one before us, plaintiff sued defendant, a New Jersey corporation with its principal place of business in Pennsylvania, in the district court for the Western District of Pennsylvania. The court found that "where a corporation was incorporated in one state and had its principal place of business in another state, it would be deemed a citizen of both states for the purposes of determining whether diversity of citizenship existed." *Id.* at 954. See also 1A Moore's Federal Practice 583 (2d Ed. 1965).

The 1958 Amendment, 72 Stat. 415, amending 28 U.S.C.A. § 1332, provides in part:

"(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

It seems clear that the intention of Congress was not to enlarge jurisdiction, but to narrow it.[1]

---

1. Senate Report No. 1830, 85 Cong., 2d Sess. 11 (1958) ; U. S. Code Congressional and Administrative News, 85 Cong. 2d Sess., 1958, p. 3099.