Linda **BOYSEN**

v.

**TREADWAY INN OF LAKE HAR-MONY, INC., Ind. and t/a
Split Rock Lodge.**

**Civ. A. No. 70–1766.**

United States District Court,
E. D. Pennsylvania.

June 23, 1971.

Ralph D. Friedman, Philadelphia, Pa., with him on the brief Zarwin, Baum, Arangio & Somerson, Philadelphia, Pa., for plaintiff.

Bruce D. Lombardo, Philadelphia, Pa., with him on the brief Liebert, Harvey, Herting, Short & Lavin, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., Chief Judge.

The Court is presently called upon to rule on the defendant's motion to dismiss pursuant to Rule 12(h) of the Federal Rules of Civil Procedure, alleging lack of diversity jurisdiction. We grant the motion for the reasons set forth herein.

Plaintiff instituted suit for injuries sustained when an automobile driven by one Joseph Donahue (whose complaint was severed) went over a cliff located on the grounds of the defendant hotel, which the defendant had allegedly failed to warn against, illuminate or protect by barriers.

It is undisputed that the plaintiff is a resident of Pennsylvania, and that the defendant is a corporation incorporated pursuant to the laws of the state of New York, with its principal place of business in Pennsylvania. It is also undisputed by counsel that the applicable law is to be found in Kelly v. United States Steel Corporation, 284 F.2d 850 (3rd Cir. 1960).

In the *Kelly* case, the late Judge Goodrich was called upon to decide the principal place of business of United States Steel. After noting the many ties which New York had to the corporate direction of the defendant, he found Pennsylvania to be its principal place of business because, "[I]t is the activities rather than the occasional meeting of policy-making Directors which indicate the principal place of business." *Id.* at 854.

Despite this, plaintiff urges upon us the fact that the direction of the hotel comes from its New York based directors, and that without executive guidance from out of state there would be no corporate activity within this Commonwealth.

■ Even if this argument were correct, and it is not, a corporation is immune from suit on diversity grounds both in the state of its incorporation and its principal place of business. In Moesser v. Crucible Steel Company of America, 173 F.Supp. 953 (W.D.Pa.1959), the court found that, "[W]here a corporation was incorporated in one state and had its principal place of business in another state, it would be deemed a citizen of both states for the purposes of determining whether diversity of citizenship existed." *Id.* at 954. See also 1A Moore's Federal Practice 583 (2d Ed. 1965).

■ The 1958 Amendment, 72 Stat. 415, amending 28 U.S.C.A. § 1332, provides in part:

"(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

It seems clear that the intent of Congress was not to enlarge jurisdiction, but to narrow it.[1] Canton v. Angelina Casualty Company, 279 F.2d 553 (5th Cir. 1960); Huggins v. Winn-Dixie Greenville, Inc., 233 F.Supp. 667 (E.D.S.C.1964).

■ While the board of directors and officers of the defendant corporation work and reside in New York, all other aspects of the corporate operations are carried on in Pennsylvania. All employees (except those noted above) work and reside in Pennsylvania; all banking is done through Pennsylvania banks;[2]

---

[1]. Senate Report No. 1830, 85 Cong., 2d Sess. 11 (1958); U.S.Code Congressional and Administrative News, 85 Cong. 2d Sess., 1958, p. 3099.

[2]. Accounts with New York banks are maintained for the collection of customers' accounts charged on BankAmericard and Master Charge.

and the only business in which the corporation engages is the lodge located at Lake Harmony, Pennsylvania. All of the assets are in Pennsylvania. All decisions regarding the day to day operations of the hotel are made here, as are all contracts for the many daily services required by a resort hotel. Finally, while capital expenditures must be approved in New York, the Pennsylvania based manager of the lodge enters into the contracts in this Commonwealth, after the approval is received. It seems clear, therefore, that the corporation's principal place of business is within Pennsylvania.[3]

■■ Plaintiff has argued that the defense of lack of jurisdiction has been raised too late by defendant. This is clearly not correct. It was raised in defendant's initial reply; if it had not been, it would not be barred as it is clear that this is a defense which can be raised at any time. McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Scroggin Farms Corporation v. McFadden, 165 F.2d 10 (8th Cir. 1948); Rule 12(h) Fed.R.Civ.P. In any event, when the jurisdictional allegations of a complaint are appropriately challenged, it is incumbent upon the plaintiff to prove them by a fair preponderance of the evidence. Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939); Kvos, Inc. v. Associated Press, 299 U.S. 269 (1936); McNutt v. General Motors Acceptance Corporation, *supra*; Industrial Electronics Corporation v. Cline, 330 F.2d 480 (3rd Cir. 1964). This it has failed to do.

■ Counsel for plaintiff has urged upon us, despite all of the above, that we find diversity because the state statute of limitations has run and plaintiff will be left without a remedy as no protective action has been filed on her behalf.[4]

This is indeed an unfortunate circumstance. As much as we might desire to find jurisdiction, we must adopt the thinking of Mister Justice Frankfurter, the archpriest of judicial restraint, and refuse to attempt to read into the statute and cases what is not there simply in order to effect a happier result for the plaintiff.

### ORDER

And now, to wit, this 23rd day of June, A. D. 1971, it is ordered that defendant's motion to dismiss for lack of jurisdiction be and the same is hereby granted.

And it is so ordered.

---

3. See also Inland Rubber Corporation v. Triple A Tire Service, Inc., 220 F.Supp. 490 (S.D.N.Y.1963).

4. Counsel has informed us that a protective action has been filed on behalf of Joseph Donahue.