**BROTHERHOOD CIA NAVIERA S. A.**
**and Anangel Shipping Enterprises**

v.

**ZAPATA MARINE SERVICE, INC.**

**BROTHERHOOD CIA NAVIERA S. A.**
**and Anangel Shipping Enterprises**

v.

**ZAPATA MARINE SERVICE, LTD.,**
**S. A.**

Civ. A. Nos. 81–3357, 81–4173.

United States District Court,
E. D. Pennsylvania.

Sept. 20, 1982.

William E. Rapp, and Douglas H. Riblet, Rawle & Henderson, Philadelphia, Pa., for plaintiffs.

Robert G. Kelly, Jr., and Jennifer Berke, Kelly, Harrington, McLaughlin & Foster, Philadelphia, Pa., for defendants.

## MEMORANDUM

GILES, District Judge.

These consolidated actions arise from the destruction of the S/T Ionnis Angelicoussis, a vessel which burned and sank off the coast of Angola. Plaintiffs, Brotherhood CIA Naviera S.A. ("Naviera") and Anangel Shipping Enterprises ("Anangel") allege that the vessel was lost because defendants Zapata Marine Service Limited, S.A. ("Zapata Ltd.") and Zapata Marine Service, Inc. ("Zapata, Inc.") negligently performed their duty to fight and extinguish the fire aboard the vessel.

Both defendants move to dismiss the complaint asserting that this court lacks *in personam* jurisdiction over them. Plaintiffs assert that personal jurisdiction is properly exercised by this court, but request, alternatively, that the case be transferred to the appropriate District Court in Texas, if this court finds it lacks jurisdiction. Subject-matter exists over this admiralty action by virtue of 28 U.S.C. § 1333. For the following reasons, the case is transferred to the United States District Court for the Southern District of Texas.

In deciding defendant's motion, I must accept all well-pleaded allegations as true and view them in the light most favorable to plaintiff. *Empire Abrasive Equipment Corp. v. H. H. Watson, Inc.,* 567 F.2d 554, 557 (3d Cir. 1977); *VanNaarden v. Grassi,* 488 F.Supp. 720, 722 (E.D.Pa.1980). However, once defendant properly challenges the court's personal jurisdiction, plaintiff has the ultimate burden of proving that the non-resident defendants' activities within the forum state permit the exercise of jurisdiction. *Boysen v. Treadway Inn of Lake Harmony, Inc.,* 53 F.R.D. 96, 98 (E.D. Pa.1971), *aff'd. per curiam,* 463 F.2d 247 (3d Cir. 1972); *Strick Corp. v. A.J.F. Warehouse Distributors, Inc.,* 532 F.Supp. 951, 953 (E.D.Pa.1982).

■ In this case, I permitted the parties to conduct discovery on the jurisdictional issue. Discovery has disclosed that defendants have the following contacts with Pennsylvania. Zapata Ltd., is a Panamanian corporation with its principal place of business in Houston, Texas. Zapata, Inc. is incorporated and has its principal place of business in Texas. In 1977, Zapata, Inc. purchased a quantity of Zippo lighters from Zippo Manufacturing Company in Pennsylvania. During the same year, two telex messages were sent to Philadelphia by defendants with reference to a contract for purchase of a vessel. This contract was never finalized. In 1979, defendants' representatives entered Pennsylvania to negotiate a contract which was eventually entered into between Gulf Research and Development Company and Zapata Marine Services U.S.A., Inc., a related corporation. From 1977 through 1979, Zapata, Inc. advertised in nationwide industry publications. Finally, in 1979 Zapata Ltd. entered an agreement with Sun Oil Corporation, a Pennsylvania corporation. Defendants agreed to provide one of their employees in London for a deposition in related litigation filed in this court and arising out of the same incident, in exchange for Sun Oil's agreement to indemnify defendants against any claims arising out of the related litigation. Under the principles of law set forth below, I find that these contacts are insufficient to permit the exercise of *in personam* jurisdiction over defendants.

Federal Rule of Civil Procedure 4(e) provides for service of process on a non-resident party in accordance with the appropriate statute of the forum state. Pennsylvania's long-arm statute, 42 Pa.Cons.Stat.Ann. § 5322 (Purdon 1981), the appropriate statute in this case, permits the exercise of personal jurisdiction to the limits defined by the United States Constitution. *See Paolino v. Channel Home Centers,* 668 F.2d 721, 724 (3d Cir. 1981); *Schwilm v. Holbrook,* 661 F.2d 12, 14 (3d Cir. 1981); *Delaware Valley Factors, Inc. v. Coma Export, Inc.,* 530 F.Supp. 180, 184 (E.D.Pa.1982).

■ Jurisdiction over a non-resident defendant is constitutional if the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940)). The minimum contacts approach is appropriate for evaluation of claims where the cause of action derives from the defendant's contacts or activities within the forum. This has been designated specific jurisdiction. *Schwilm v. Holbrook,* 661 F.2d 12 at 14; *Paolino v. Channel Home Centers,* 668 F.2d at 724; *Strick Corp. v. A.J.F. Warehouse Distributors, Inc.,* 532 F.Supp. at 956; *Delaware Valley Factors, Inc. v. Coma Export, Inc.,* 530 F.Supp. at 184. Where, as here, the cause of action is totally unrelated to the defendant's alleged activity in the state, the appropriate inquiry is whether that activity is so continuous and substantial that it is reasonable to exert jurisdiction over the defendant. This is a test of general jurisdiction predicated on a standard of reasonableness.[1]

---

1. The case law developed by the Supreme Court defines four paradigms of the due process inquiry. (1) Where the cause of action arises out of the non-resident defendant's substantial activity, as in the case of *International Shoe,* the exercise of jurisdiction is clearly constitutional.

(2) Where the cause of action is unrelated to the non-resident defendant's substantial activity in the forum, jurisdiction can be reasonably exerted. *See International Shoe,* 326 U.S. at 318, 66 S.Ct. at 159. (3) Where the cause of action arises out of a single, occasional or isolated contact of the defendant with the forum state, depending on the nature and quality of the contacts, personal jurisdiction may be exerted. *See McGee v. Int'l. Life Ins. Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *Gray v. American Radiator and Standard Sanitary Corp.,* 22 Ill.2d 432, 176 N.E.2d 761 (1961). (4) Where the cause of action is unrelated to the non-resident's less than substantial activity in the forum state, "it has been generally recognized that the casual presence of the corporate agent or even his conduct of single or isolated items of activities in a state in the corporation's behalf are not enough to sub-

Since the cause of action arising from the loss of the ship is totally unrelated to the defendant's alleged contacts with Pennsylvania, the test here is one of general jurisdiction.[2] The question, therefore, is whether Zapata, Inc. and Zapata, Ltd. have carried on continuous and substantial activity within Pennsylvania.[3]

In a recent action for breach of contract brought in this court, the non-residents' forum activities were evaluated to determine if they were continuous and substantial. *Strick Corp. v. A.J.F. Warehouse Distributors, Inc.,* 532 F.Supp. 951 (E.D.Pa.1982). The defendants' contacts included leases with Pennsylvania companies, maintenance of an office in Pennsylvania from 1972–1976, the right to repossess its trucks in Pennsylvania, numerous phone calls into the state, and advertisement in a national industry journal. In addition, the defendant was a customer of a Philadelphia hauling company. The court found that these contacts did not represent a continuous and substantial business relationship with Pennsylvania. In reaching its conclusion, the court said that, "this type of [general] jurisdictional basis is found where a non-resident defendant makes a substantial number of direct sales in the forum, solicits business regularly and advertises in a way specifically targeted at the forum market." *Id.* at 956. The aggregate of Zapata, Inc.'s and Zapata, Ltd.'s contacts do not even approach the kind of activity described in *Strick.*

Dismissing the isolated purchase of Zippo lighters as irrelevant, Zapata's contacts consisted solely of the telex communications regarding a 1977 contract which was not finalized, the existence of an unrelated service contract in 1979, the advertisement in national journals and the post-accident deposition agreement. The fact that Zapata advertises in a journal which circulates throughout the nation, including Pennsylvania does not, itself, provide a basis for general jurisdiction. *Id.* This is particularly true where, as here, there is no evidence that the advertising was calculated to reach, and did reach, a significant number of readers in Pennsylvania with a resulting increase in defendants' Pennsylvania sales or business.

The post-accident agreement regarding the deposition is even less significant. First, I am not convinced that post-accident contacts give defendant fair notice that it might be subject to a forum's jurisdiction. *Cf. World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980) (due process requirement provides degree of predictability that "allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit"). In any event, the conduct is simply too attenuated to satisfy the due process constraint. Although one party to the agreement was a Pennsylvania corporation, the agreement was negotiated through defendants' solic-

ject it to suit on causes of action unconnected with the activities there." *International Shoe,* 326 U.S. at 317, 66 S.Ct. at 158. The instant case falls within the fourth category.

2. The Pennsylvania courts recognize the distinction between cases of specific and general jurisdiction. Where the cause of action arises from the non-resident defendant's activities in Pennsylvania, the courts apply a three-part formulation of the minimum contacts analysis. Where the action is unrelated to the defendant's forum state activities, Pennsylvania courts may exercise personal jurisdiction only if the defendant's business activities are "so continuous and substantial as to make it reasonable for the state to exercise such jurisdiction." *Bork v. Mills,* 458 Pa. 228, 231–32, 329 A.2d 247, 249 (1974) (quoting Restatement

(Second) of Conflict of Laws § 35); *Whalen v. Walt Disney World Co.,* 274 Pa.Super.Ct. 246, 418 A.2d 389 (1980); *Lebkuecher v. Loquasto,* 255 Pa.Super.Ct. 608, 611, 389 A.2d 143, 145 (1978); *Garfield v. Homowack Lodge, Inc.,* 249 Pa.Super.Ct. 392, 397, 378 A.2d 351, 354 (1977); *Goff v. Armbrecht Motor Truck Sales, Inc.,* 284 Pa.Super.Ct. 544, 426 A.2d 628 (1980).

3. Plaintiffs urged this court to consider the defendants' contacts with the United States as whole, including both defendants' business activities in Houston, Texas. The national contacts approach has been rejected in this circuit, in the absence of express Congressional authorization. *DeJames v. Magnificence Carriers, Inc.,* 654 F.2d 280 (3d Cir.), *cert. denied,* 454 U.S. 1085, 102 S.Ct. 642, 70 L.Ed.2d 620 (1981).

itors in London and the deposition was performed in London, hardly providing a basis for continuous and substantial activity in Pennsylvania. The only remaining contacts with Pennsylvania consist of the 1977 unsuccessful contract negotiations and the 1979 negotiations for a contract entered into by a related corporation. These events are simply too isolated, sporadic and unrelated to constitute continuous and substantial business activity sufficient to make the exercise of personal jurisdiction over defendants fair and reasonable. Thus, I find that this court lacks *in personam* jurisdiction over defendants.

Nevertheless, I shall grant plaintiff's request, pursuant to 28 U.S.C. § 1404(a), to transfer this case to the United States District Court for the Southern District of Texas.[4]

█ This court has the authority to transfer the case if the interests of justice permit, even though it lacks personal jurisdiction. The Supreme Court in *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 915, 8 L.Ed.2d 39 (1962), held that transfer for improper venue was permissible under 28 U.S.C. § 1406(a) regardless of whether the transferor court had personal jurisdiction. The Third Circuit expanded that holding to include transfers under § 1404(a). *United States v. Berkowitz,* 328 F.2d 358, 361 (3d Cir.), *cert. denied,* 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964). *See also Hilferty v. Neesan,* 506 F.Supp. 218 (E.D.Pa.1980). The interests of justice would be served by preserving the record and transfering the case to the district where the defendants, the relevant documentation and witnesses may be found. Moreover, this action could properly have been brought in the Southern District of Texas. Zapata, Ltd. has its principal place of business in Houston, Texas. Zapata, Inc. is incorporated in Texas and is doing business there. Admiralty cases are not bound by the venue provisions of 28 U.S.C. §§ 1391–93. Fed.R.Civ.P. 82. Venue in

such suits can be laid wherever process is validly served. *Fluor Corp. Ltd. v. S/S President Coolidge,* 52 F.R.D. 538, 539 (S.D. N.Y.1971). Since the defendants' business is located in Texas, they can no doubt be served in that state. Therefore, I find that this case could have been brought in the Southern District of Texas and will be transferred to that court pursuant to 28 U.S.C. § 1404(a).

court may transfer any civil action to any other district or division where it might have been brought.

---

4. 28 U.S.C. § 1404(a) provides:
   For the convenience of the parties and witnesses, in the interests of justice, a district