Charles D. HOUSTON, by his guardian
Wesley Hackman

v.

Ronald ASTLE, Appellant,

v.

Charles F. HOUSTON, Third-Party
Defendant.

No. 18950.

United States Court of Appeals,
Third Circuit.

Argued Nov. 19, 1970.

Decided Dec. 23, 1970.

Turrey A. Kepler, Philadelphia, Pa., for appellant.

Robert C. Steiger, for Charles D. Houston.

Joseph G. Manta, James M. Marsh, Philadelphia, Pa., LaBrum & Doak, Philadelphia, Pa., of counsel, for Charles F. Houston.

Before HASTIE, Chief Judge, and McLAUGHLIN and ADAMS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This negligence action was brought on behalf of a child who, while riding in a car driven by his father, was injured, allegedly because of the negligence of the defendant Astle. Plaintiff Hackman is the court-appointed "guardian" of the injured child. The present appeal has been taken from a judgment for the plaintiff, entered on a jury verdict.

The only issues we find it necessary to consider are jurisdictional. Jurisdiction is based solely upon diversity of citizenship. All parties except the guardian admittedly are citizens of Pennsylvania. Neither in pleading nor in proof did the plaintiff guardian allege or establish his own domicile or citizenship. The complaint alleges no more than that

the "address of Wesley Hackman is 1008 Ocean Avenue, Ocean City, New Jersey." At the conclusion of the plaintiff's case at trial the defendant moved for a directed verdict on the ground that jurisdiction had not been alleged or proved. The court at first peremptorily denied the motion, then granted a request by the plaintiff to reopen his case to prove jurisdiction, saying, "Well, you only need ask one question. * * *"

Thereupon plaintiff's counsel recalled the infant plaintiff's father to the stand and elicited testimony that Wesley Hackman was his son's "legally appointed guardian for the purposes of this lawsuit" and that "he resides in Ocean City, New Jersey." The court then cut short an effort of defense counsel to inquire further into facts relevant to jurisdiction saying, "There is only one issue before the court and that is the residence of the guardian. That is all. So confine your questions to that."

■■ Actually there were two issues and the guardian's "residence" was neither. The first jurisdictional question was the citizenship or domicile of the guardian, as to which his New Jersey residence was relevant evidence but not in itself conclusive. Therefore, the court's refusal to permit defense counsel to inquire further into the matter was error.

■ Moreover, this case was tried after our decision in McSparran v. Weist, 1968, 402 F.2d 867, though the cause of action arose before that decision. Therefore, the district court, whether acting on motion or *sua sponte*, was obligated to determine whether diversity, if established, had been "artificially" created within the teaching of *McSparran* and, if so, whether the plaintiff would be unreasonably prejudiced or burdened by dismissal of the federal action and relegation to his state remedy.

The judgment will be vacated and the cause remanded to the district court for the taking of testimony and the making of appropriate findings and legal rulings upon the jurisdictional issues. We made

no decision upon the non-jurisdictional contentions of the appellant, but the district court shall be free to reexamine them if it does not dismiss the case on jurisdictional grounds.