**Stephen F. BLAU and Gloria M. Friedman**

v.

**Louis RAPPAPORT, Ind. and t/a Harbour Associates; Jonathan Gelman, Ind. and t/a Harbour Associates; Samuel Rappaport, Ind. and t/a Harbour Associates; Jacob Zatuchni, Ind. and t/a Harbour Associates; Fire Road Associates; Kasco Construction Company.**

**Civ. A. No. 94–4604.**

United States District Court,
E.D. Pennsylvania,
Civil Division.

Aug. 23, 1994.

George B. Randolph and Kenneth C. Russell, Paoli, PA, for plaintiffs.

Walter Weir, Jr., Philadelphia, PA, for defendants Rappaport, Gelman, Rappaport, and Zatuchni.

Elliot A. Kolodny, Bensalem, PA, for defendants Fire Road Associates and Kasco Const. Co.

*MEMORANDUM*

BARTLE, District Judge.

This action involves a partnership dispute. It was originally filed in the Court of Common Pleas of Montgomery County, Pennsyl-

vania. Defendants timely removed the case to this court on the basis of diversity of citizenship. The complaint satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a).

The two plaintiffs and the four individual defendants are the general partners of Harbour Associates ("Harbour").[1] Harbour's only asset is a 50% interest in defendant Fire Road Associates ("Fire Road"), also a general partnership. Defendant Kasco Construction Company ("Kasco") owns the remaining 50% of Fire Road. Fire Road's only asset is an unimproved 16 acre parcel of real estate located at Fire and Tilton Roads in Egg Harbor Township, New Jersey. Plaintiffs' complaint contains state law causes of action against the defendants arising out of the conduct of the affairs of Harbour and Fire Road. No federal claims are alleged. Plaintiffs seek various forms of monetary and injunctive relief, including dissolution of Harbour.

 It is well settled that this court must examine the question of its jurisdiction despite the parties' failure to raise the issue. The Court of Appeals for the Third Circuit has explained:

> This is so because the federal courts are without power to adjudicate the substantive claims in a lawsuit, absent a firm bedrock of jurisdiction. When the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits.

*Carlsberg Resources Corp. v. Cambria Savings and Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir.1977). The "party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists." *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991). Here, as in all removal cases, it is the defendants who bear

1. Harbour is not named as a defendant.

2. A party's residence is evidence of his or her citizenship but is not determinative of the issue. *See, e.g., Houston v. Astle*, 435 F.2d 847, 848 (3d

this burden. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir.1985).

 The complaint alleges that each plaintiff has "a residential address" in New Jersey and that all of the individual defendants have "a residential address" in Pennsylvania.[2] Kasco is alleged to be a Pennsylvania corporation which has its principal place of business there. According to the complaint, Harbour and Fire Road are "partnership[s] existing under the laws of the Commonwealth of Pennsylvania."

 For purposes of diversity jurisdiction, a partnership is considered a citizen of each state in which its partners are citizens. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1016–17, 108 L.Ed.2d 157 (1990); *Carlsberg Resources*, 554 F.2d at 1258. To determine the citizenship of defendant Fire Road, this court must look to the citizenship of its partners, Kasco and Harbour. It is undisputed that Kasco is deemed a citizen of Pennsylvania pursuant to 28 U.S.C. § 1332(c)(1). To determine the citizenship of Harbour, a general partnership, this court must consider the citizenship of its six partners, the individual parties to this action. Since it appears that plaintiffs are citizens of New Jersey and that the individual defendants are citizens of Pennsylvania, Harbour is a citizen of both New Jersey and Pennsylvania.

Harbour's dual citizenship must be imputed to defendant Fire Road. *Id.* Thus, Fire Road is also a citizen of both New Jersey and Pennsylvania. The presence of New Jersey citizens on both sides of the case destroys complete diversity. *Carden*, 494 U.S. at 187, 110 S.Ct. at 1016–17; *Carlsberg Resources*, 554 F.2d at 1257–58. Accordingly, this court must dismiss the action for lack of subject matter jurisdiction.

### ORDER

AND NOW, this 23rd day of August, 1994, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that

Cir.1970). The parties do not dispute that plaintiffs and individual defendants are citizens of different states.

the action is REMANDED to the Court of Common Pleas of Montgomery County, Pennsylvania because of lack of subject matter jurisdiction.